**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 07-20168 |
| | ) | |
| **FRANKLIN GOODWIN, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Defendant Franklin Goodwin, Jr. was convicted by a jury of conspiracy to manufacture, possess with intent to distribute, and distribute cocaine, and of use of a communication facility. He received a mandatory minimum sentence of life imprisonment on the conspiracy count and forty-eight months' imprisonment on the communication-device count to run concurrently. Mr. Goodwin filed a direct appeal, but the Tenth Circuit affirmed his conviction and sentence. *United States v. Goodwin*, No. 09-3316, Doc. 01018646039 (10th Cir. May 24, 2011).

Mr. Goodwin's case is now before the court on his Motion for Leave of Court to File Newly Discovered Evidence Under Rule 33 of the Federal Rules of Evidence, or in the Alternative, a Motion to Correct the Judgment Pursuant to Rule 60(b) (doc. 1323). For the reasons discussed below, that motion is denied.

**DISCUSSION**

Under Federal Rule of Criminal Procedure 33[1], a defendant may file a motion for a new trial based on newly discovered evidence. Fed. R. Crim. P. 33(b)(1). Such a motion is not favorably regarded and should be granted only with great caution. *United States v. Trujillo*, 136 F.3d 1388, 1394 (10th Cir. 1998). To succeed on a motion for new trial based on newly discovered evidence, the movant must show that (1) the evidence was discovered after trial; (2) the failure to discover the evidence was not caused by defendant's lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence would probably produce an acquittal in a new trial. *United States v. Redcorn*, 528 F.3d 727, 743 (10th Cir. 2008) (citation omitted).

Here, the evidence Mr. Goodwin believes to be newly discovered relates to state court convictions that affected his sentence in this case. Specifically, paragraph 204 of the Presentence Investigation Report lists a 1999 conviction for possession of cocaine, and adds three points to Mr. Goodwin's criminal history points. The PSIR reports the Leavenworth County District Court Case number as 9912CR779.

Mr. Goodwin has submitted documents showing that the case number for that conviction is incorrect. He has attached to his motion a letter from the Kansas

---

[1] Mr. Goodwin's motion references Rule 33 of the Federal Rules of Evidence, but there is no such rule. The court presumes, judging from the content of Mr. Goodwin's motion, that he actually intends to cite Rule 33 of the Federal Rules of Criminal Procedure.

2

Department of Corrections' Sentence Computation Unit. The letter notes that KDOC initially had case number 9912CR779 for the Leavenworth cocaine conviction, but that it recently verified the correct case number to be 9911CR779. In light of this evidence, Mr. Goodwin argues that the prior conviction listed in the PSIR never existed and thus should not have factored into his criminal history.

This evidence, however, cannot satisfy the standard set forth for Rule 33 motions. It is not material to the principle issues involved in Mr. Goodwin's trial—namely his guilt in the charged offenses—nor would the evidence have likely produced an acquittal.

Moreover, this clerical error does not affect the validity of the PSIR or the sentencing process. The Government acknowledges that it must provide notice to a defendant before using a prior conviction to enhance a sentence. 21 U.S.C. § 851. A clerical error in such notice only renders the notice constitutionally deficient when "a defendant suffers prejudice that deprives him of the notice and opportunity to challenge a prior conviction that is subsequently used to enhance his sentence." *United States v. Davis*, 636 F.3d 1281, 1295 (10th Cir. 2011).

Mr. Goodwin cannot claim, and indeed does not claim, that he suffered any prejudice as a result of the clerical error. He was provided with information about the date, location, and charge for that prior conviction   In addition, he received a copy of the state court journal entry regarding the conviction. Despite the clerical error, this information was sufficient to provide him notice of which conviction the Government intended to use for enhancement. *See, e.g.*, *United States v. Hood*, 613 F.3d 1293, 1303-

04 (10th Cir. 2010).

Moreover, Mr. Goodwin had the opportunity to challenge the conviction, and he did so, though never because of the incorrect case number. *See Davis*, 636 F.3d at 1296. Instead, Mr. Goodwin asserted that one of the convictions the Government sought to use had been dismissed, but Mr. Goodwin's attorney could find no documentation to support that recollection. Mr. Goodwin also claimed that he was not the defendant in the prior case, but after hearing testimony from the arresting officers, the court overruled that objection.

Thus, Mr. Goodwin did not suffer prejudice from the clerical error regarding his prior convictions. His request for a new trial or to correct his judgment is therefore denied.

**IT IS ORDERED BY THE COURT** that defendant's motion for leave to file newly discovered evidence or to correct the judgment (doc. 1323) is **denied**.

**IT IS SO ORDERED** this 28th day of July, 2011.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge