# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

United States of America,

    Plaintiff/Respondent,

v.                                                           Case No. 07-20168-24-JWL
                                                           Case No. 12-2669-JWL

Franklin Goodwin, Jr.,

    Defendant/Petitioner.

## MEMORANDUM & ORDER

On February 1, 2008, Franklin Goodwin, Jr. was charged along with twenty-three other individuals in a 39-count superseding indictment. A jury found Mr. Goodwin guilty of conspiracy to manufacture, to possess with intent to distribute, or to distribute cocaine base and/or cocaine between January 2006 and November 27, 2007. The court sentenced Mr. Goodwin on the conspiracy charge to a mandatory minimum sentence of life imprisonment in light of an enhancement information filed by the government pursuant to 21 U.S.C. § 851 identifying two prior felony drug convictions. The Tenth Circuit subsequently affirmed Mr. Goodwin's conviction and sentence on the conspiracy charge. *Id*. at 643. In May 2013, the court denied three motions filed by Mr. Goodwin—a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255; a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c); and a motion for intake records. This matter is now before the court on Mr. Goodwin's motion for reconsideration. As explained in more detail below, the court denies the motion.

**Motion to Vacate, Set Aside or Correct Sentence**

In its prior order, the court denied each of Mr. Goodwin's claims for relief under § 2255. In his motion for reconsideration, Mr. Goodwin urges that the court must hold an evidentiary hearing on his claims and he raises an entirely new claim of ineffective assistance of counsel—that his trial counsel should have advised Mr. Goodwin to enter an "open plea" to qualify for acceptance of responsibility. Mr. Goodwin's motion is denied.

A motion asking the court to reconsider a previous ruling shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id*. at 1012. Mr. Goodwin does not demonstrate that reconsideration is justified because of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. As such, he fails to meet the requisite standard for reconsideration.

With respect to his renewed request for an evidentiary hearing, the court has carefully reviewed its prior order denying Mr. Goodwin's claims and his request for an evidentiary hearing and finds no basis for reconsidering that order. Section 2255 requires the court to grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." As explained in its prior order, the record conclusively established that Mr. Goodwin is not entitled to relief on his claims. No controverted facts were presented requiring a hearing and no factual issues exist such that Mr. Goodwin would be entitled to relief if those facts were resolved in his favor.

With respect to his new claim that his counsel should have advised him to enter an open plea for purposes of receiving a reduction for acceptance of responsibility, an "open plea" would not have resulted in a reduced sentence for Mr. Goodwin. By advancing that argument, Mr. Goodwin seemingly does not understand that he was not sentenced under the Guidelines. He was sentenced to a mandatory minimum life sentence in light of an enhancement information filed by the government pursuant to 21 U.S.C. § 851 identifying two prior felony drug convictions. A "reduction" for acceptance of responsibility would not have resulted in any sentence other than life imprisonment.

**Motion to Reduce Sentence**

In its prior order, the court explained that it lacked the authority to reduce Mr. Goodwin's sentence pursuant to 18 U.S.C. § 3582(c) because Mr. Goodwin's sentence was not "based on a sentencing range" but, instead, was based on a mandatory statutory minimum under 21 U.S.C. §§ 841(b)(1)(A) and 851. The court further noted that, in any event, Amendment 709—the basis for Mr. Goodwin's motion—was in effect and applied at the time of Mr. Goodwin's sentencing in October 2009. In his motion for reconsideration, Mr. Goodwin contends only that the court should follow the Sixth Circuit's recent decision in *United States v. Blewett*, ___ F.3d ___, 2013 WL 2121945 (6th Cir May 17, 2013) in which the Sixth Circuit held that the Fair Sentencing Act of 2010 must be applied retroactively to defendants sentenced prior to its enactment pursuant to the Equal Protection Clause such that Mr. Goodwin should be resentenced under the new, lower mandatory minimums for crack cocaine offenses. The motion is denied. Despite the ruling of the Sixth Circuit, the Tenth Circuit has already squarely held that the Fair Sentencing

Act of 2010 does not apply retroactively to those defendants sentenced prior to its enactment. *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010). The court, of course, is bound by the law of the Tenth Circuit. While the court appreciates Mr. Goodwin's expressed desire to "preserve" this issue, he has not demonstrated that he is entitled to relief at this juncture.


**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Goodwin's motion for reconsideration (doc. 1578) is denied.


**IT IS SO ORDERED.**


Dated this 5th day of June, 2013, at Kansas City, Kansas.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge