IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                                     **Case No. 07-20168-24-JWL**

**Franklin Goodwin Jr.,**

    **Defendant.**

## **MEMORANDUM & ORDER**

This matter is before the court on Mr. Goodwin's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which Mr. Goodwin asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines. The motion is dismissed as the court lacks the authority to revise Mr. Goodwin's sentence based on Amendment 782. Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed. *Freeman v. United States*, ––– U.S. ––––, 131 S. Ct. 2685, 2690 (2011). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Under limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c). That provision states that "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Mr. Goodwin's sentence was not "based on a sentencing range" but, instead, was based on a

mandatory statutory minimum under 21 U.S.C. § § 841(b)(1)(A) and 851.  The court, then, has no jurisdiction to reduce Mr. Goodwin's sentence.  Because Mr. Goodwin remains subject to the mandatory minimum sentence of life imprisonment regardless of the application of Amendment 782, a reduction under § 3582(c)(2) is not authorized and Amendment 782 affords no relief to Mr. Goodwin.  *See United States v. Woods*, ___ Fed. Appx. ___, 2015 WL 250647, at *1-2 (10th Cir. Jan. 21, 2015) (if a defendant is sentenced pursuant to a statutory mandatory minimum sentence provision, he is ineligible for a sentence reduction under § 3582(c)(2)).[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Goodwin's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 1674) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 25th day of February, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1] Mr. Goodwin maintains in his motion that this court has exercised its discretion to reduce the sentences of many of his co-defendants who, according to Mr. Goodwin, are similarly situated to him such that he also warrants a sentence reduction.  Without exception, any co-defendant who has received a sentence reduction under § 3582(c)(2) was sentenced pursuant to the sentencing guidelines and was not subject to a mandatory minimum life sentence.