## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff/Respondent,**

v.                                 **Case No. 07-20168-24-JWL**
                                      **Case No. 12-2669-JWL**

**Franklin Goodwin, Jr.,**

        **Defendant/Petitioner.**

### MEMORANDUM & ORDER

On February 1, 2008, Franklin Goodwin, Jr. was charged along with twenty-three other individuals in a 39-count superseding indictment. A jury found Mr. Goodwin guilty of conspiracy to possess with intent to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine. The court sentenced Mr. Goodwin on the conspiracy charge to a mandatory minimum sentence of life imprisonment in light of an enhancement information filed by the government pursuant to 21 U.S.C. § 851 identifying two prior felony drug convictions. The Tenth Circuit subsequently affirmed Mr. Goodwin's conviction and sentence on the conspiracy charge. *United States v. Goodwin*, 433 Fed. Appx. 636, 643 (10th Cir. 2011).

In May 2013, the court denied three motions filed by Mr. Goodwin—a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255; a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c); and a motion for intake records. The court also denied Mr. Goodwin a certificate of appealability. Mr. Goodwin then filed, and the court denied, a motion for reconsideration. The Circuit denied Mr. Goodwin's renewed request for a certificate of appealability. *See United States v. Goodwin*, 541 Fed. Appx. 851 (10th Cir. 2013). More

recently, this court found that it lacked jurisdiction to reduce Mr. Goodwin's sentence under Amendment 782 because his sentence was based on a mandatory statutory minimum. The Circuit affirmed that decision as well. *United States v. Goodwin*, 2015 WL 7974633, at *4 (10th Cir. Dec. 7, 2015).

This matter is now before the court on Mr. Goodwin's motion to reopen his habeas petition pursuant to Rule 60(b) and his motion to appoint counsel to assist him in that regard. In his motion under Rule 60(b), Mr. Goodwin asserts that the court overlooked two claims asserted in his habeas petition and thus never ruled on the merits of those claims—that his statutory sentence was based on an inaccurate drug quantity that fell outside the scope of the conspiracy and that his trial counsel rendered ineffective assistance by failing to object to the error. Mr. Goodwin seeks to reopen his habeas petition so that the court may rule on the merits of these claims.

Mr. Goodwin is correct that he raised these specific claims in his habeas petition. *See* Doc. 1480 at 8-E, 8-F. Contrary to Mr. Goodwin's argument, however, the court addressed that issue in its memorandum and order. As the court explained:

> Mr. Goodwin contends that his trial counsel's performance was also deficient because his counsel failed to challenge the use of "crack" cocaine in determining Mr. Goodwin's base offense level because, according to Mr. Goodwin, he only purchased powder cocaine (although he concedes he "may have converted the powder cocaine" into crack after purchasing it). This argument is rejected because Mr. Goodwin cannot establish prejudice. First, there was evidence presented to the jury that Mr. Goodwin purchased crack cocaine on several occasions. Second, even assuming that Mr. Goodwin's counsel should have challenged the calculation of Mr. Goodwin's base offense level, there is no prejudice because the court did not sentence Mr. Goodwin under the guidelines—it sentenced Mr. Goodwin to the statutory mandatory minimum life sentence under § 841(b)(1)(A). *See United States v. Apperson*, 441 F.3d 1162, 1213 (10th Cir. 2006) (holding moot a defendant's challenges to the calculation of his offense level and sentencing range

2

> under the Federal Sentencing Guidelines, since regardless of whether the district court erred in those calculations, the defendant was still subject to a statutory mandatory minimum life sentence under 21 U.S.C. § 841(b)(1)(A)).

The court's citation to the *Apperson* decision was essentially a short-hand way of explaining to Mr. Goodwin that any errors in drug quantity calculations (or counsel's purported failure to object to any alleged errors) were meaningless in light of the fact that Mr. Goodwin was sentenced under 21 U.S.C. § 841(b)(1)(A)—a statute that is triggered not by the court's drug quantity findings but by the jury's drug quantity findings when it convicted Mr. Goodwin on the conspiracy count.  In other words, any errors made by the court or counsel in connection with drug quantity calculations simply have no bearing on the application of 21 § U.S.C. 841(b)(1)(A).  Moreover, regardless of any findings concerning crack cocaine, the jury specifically found that the conspiracy in which Mr. Goodwin participated involved 5 kilograms or more of cocaine—a finding that, coupled with Mr. Goodwin's two prior felony drug convictions, triggered the mandatory life sentence under 21 U.S.C. § 841(b)(1)(A).

Because Mr. Goodwin's motion, then, is based on a faulty premise—the court's alleged failure to reach the merits of these claims—the motion is denied and Mr. Goodwin's motion to appoint counsel is moot.[1]

---

[1] To the extent Mr. Goodwin's motion is more accurately characterized as a successive § 2255 petition, the court would dismiss the motion based on Mr. Goodwin's failure to obtain filing authorization from the Circuit and would decline to transfer the motion to the Circuit for the reasons explained herein.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Goodwin's motion to reopen his habeas proceeding (doc. 1747) is **denied** and his motion to appoint counsel (doc. 1746) is **moot.**

**IT IS SO ORDERED.**

Dated this 16th day of August, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge